968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Petitioner-Appellee,
v.
Raphael MENDEZ, Respondent-Appellant.
 No. 91-7685.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 1, 1992
Decided: July 9, 1992
 
 William E. Martin, Federal Public Defender, G. Alan DuBois, Jr., Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Linda Kaye Teal, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Raphael Mendez appeals from an order of the district court committing him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. (1988). We affirm.
 
 
 2
 Mendez is a resident of the Virgin Islands currently incarcerated at FCI-Butner. He was originally committed to FCI-Butner by the District Court for the District of the Virgin Islands for a competency hearing under 18 U.S.C. § 4241 (1988). Mendez was found not competent to stand trial on assault charges and was retained at FCI-Butner for additional study. After further evaluation, the Warden filed a certificate of mental disease or defect and requested a hearing in the district court pursuant to § 4246.
 
 
 3
 Testimony was given for the Government by Dr. Kevin McBride, a clinical psychologist on the staff at FCI-Butner. In addition, the court considered reports filed by Dr. McBride and Dr. Billy Royal, an independent psychiatrist appointed by the court to examine Mendez. After reviewing the evidence, the court concluded that Mendez should be committed pursuant to § 4246 and entered judgment accordingly. Mendez filed a timely notice of appeal.
 
 
 4
 A person may be committed under § 4246 only if the district court finds that the person is "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily harm to another person or serious damage to the property of another." 18 U.S.C. § 4246(d).
 
 
 5
 The Government must establish mental disease or defect and dangerousness under § 4246 by clear and convincing evidence. 18 U.S.C. § 4246(d). The district court's findings will not be overturned unless they are clearly erroneous. United States v. Steil, 916 F.2d 485, 48788 (8th Cir. 1990).
 
 
 6
 Dr. McBride concluded that Mendez is suffering from a mental disease as a result of which he is dangerous. Though Dr. Royal did not specifically conclude that Mendez is dangerous, he did recommend that Mendez remain hospitalized. In light of the uncontradicted testimony of Dr. McBride, we cannot say that the district court clearly erred in finding that Mendez should be committed under § 4246. Accordingly, we affirm the decision of the district court.
 
 
 7
 Mendez's "Motion to Add Additional Contentions Raised by the Defendant" is denied because these contentions are not relevant to the issues pertaining to 18 U.S.C. § 4246. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED