

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2005

# In Re: Mendez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Mendez " (2005). *2005 Decisions.* Paper 933.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/933

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-212                                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1472
_____

IN RE: RAPHAEL MENDEZ,

Petitioner.

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D. V.I. Civ. No. 04-cv-0108-G)

_____

Submitted Under Rule 21, Fed. R. App. P.
April 21, 2005

BEFORE: ALITO, McKEE and AMBRO, CIRCUIT JUDGES

(Filed June 30, 2005 )
_____

OPINION
_____

PER CURIAM

    Petitioner Raphael Mendez was charged in the District Court of the Virgin Islands

with assault, possession of an unlicensed firearm during a violent crime, and possession

by a felon of a firearm.  Prior to trial, Mendez requested a psychological evaluation and

was found incompetent to stand trial.  He was committed to FMC-Butner in North

Carolina for observation.  Upon further review, he was indefinitely committed under 18

U.S.C. § 4246 by the District Court for the Eastern District of North Carolina.  He

appealed the commitment to the Fourth Circuit, which affirmed.  United States v.

Mendez, No. 91-7685, 1992 WL 157430 (4th Cir. July 9, 1992).

Since then, Mendez has filed numerous appeals and other actions.  Most recently, this Court denied a writ of mandamus relating to two actions then pending in the Virgin Islands Territorial and District Courts.  See In re Mendez, No. 04-1147, 95 Fed. Appx. 463 (3d Cir. May 5, 2004) (table).  One of the same actions is at issue in the current petition.  In 2003, Mendez filed a habeas petition in the Territorial Court, which delayed in ruling on the petition.  On August 5, 2004, Mendez filed a petition for a writ of mandamus with the Virgin Islands District Court seeking an order directing the Territorial Court to issue a decision.  The District Court has not ruled on the petition.  On February 14, 2005, Mendez filed a second petition for a writ of mandamus with this Court.  He complains of delay by the Territorial Court and the District Court in adjudicating his cases.  We will deny the petition.

A writ of mandamus is an extraordinary remedy which should be invoked only in extraordinary situations.  See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976). Mendez must show that he has an indisputable right to the writ and that there exists no other adequate remedy.  See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). It appears the Territorial Court recently dismissed Mendez's habeas petition.  Even if the

action was not dismissed, Mendez has not shown he is entitled to the writ.[1]

Delay is only relevant where the court at issue has jurisdiction in the first instance. No matter how Mendez captioned his original habeas petition, the Territorial Court does not have jurisdiction to grant Mendez habeas relief. Mendez was never convicted of a criminal offense and therefore is not in custody. Nor are any criminal charges currently pending. Although he may bring a § 2241 petition challenging his civil commitment, he must file the petition in the district with jurisdiction over his place of confinement. See Rumsfeld v. Padilla, __U.S.__, 124 S. Ct. 2711, 2724 (2004). Thus, only the Eastern District of North Carolina has jurisdiction to consider a § 2241 petition.

We reach a similar conclusion with respect to the alleged delay by the District Court. First, the delay has only stretched four months from the date Mendez filed his statement of reasons. Moreover, in line with this Court's position relating to the Territorial Court, Mendez has other adequate means of achieving his desired relief. He can simply file his habeas petition in the Eastern District of North Carolina. Accordingly, his petition for a writ of mandamus will be denied.

---

[1] For the purposes of this decision, we do not decide whether we have jurisdiction to order the Territorial Court to act. See In re Richards, 213 F.3d 773, 776 (3d Cir. 2000) (stating that the Virgin Islands District Court has mandamus jurisdiction over the Territorial Court).